IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>(1) REAL PROPERTY LOCATED AT 3805 BELLAIRE DRIVE S., FORT WORTH, TARRANT COUNTY, TEXAS, INCLUDING ALL BUILDINGS, APPURTENANCES, AND IMPROVEMENTS THEREON; AND (2) REAL PROPERTY LOCATED AT 454 KEYSTONE BEND, HEATH, ROCKWALL COUNTY, TEXAS, INCLUDING ALL BUILDINGS, APPURTENANCES, AND IMPROVEMENTS THEREON | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 4:24-CV-00809 |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, Plaintiff, brings this complaint and alleges as follows:

**NATURE OF THE ACTION**

1. This is an *in rem* action to forfeit the following real property to the United States:

a. The real property located at 3805 Bellaire Drive S., Fort Worth, Tarrant County, Texas:

Lot 19, Block 12, BELLAIRE, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the plat of said addition recorded in Volume 204, Page 77, Deed Records of Tarrant County, Texas

b. The real property located at 454 Keystone Bend, Heath, Rockwall County, Texas:

> Lot 19, Block E, Heath Crossing, Phase 3B, an Addition to the City of Heath, Rockwall County, Texas, according to the Plat thereof, recorded in Cabinet J, Slide 117, Plat Records, Rockwall County, Texas.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

3. The Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

## FACTS

5. From 2019 through at least November 2023, Kenneth Alexander ("Alexander"), Robert Welsh ("Welsh"), Christopher Fisher ("Fisher"), Caedrynn Conner ("Conner"), and others known and unknown to law enforcement, acting by and through entities, including but not limited to, Axiom Financial, LLC ("Axiom"), Vanguard Holdings Group, LLC ("VHG"), FFC Capital Ventures, LLC ("FFC"), Blackwater Capital Group, LLC ("Blackwater"), Benchmark Capital Holdings ("Benchmark") and Magnolia Financial Group, LLC ("Magnolia"), have worked together to perpetrate fraud schemes from and through the Eastern District of Texas that involved (1) the offering of

investments with the promise of guaranteed returns to investors and (2) the offering of financing to borrowers who sought debt funding to develop or expand their businesses.

6. Through its investigation, the government has identified the above-mentioned subjects for their roles in at least two types of schemes: (1) a line of credit ("LOC") scheme, and (2) a joint venture/trust investment ("JV") scheme. To date, law enforcement has identified at least 100 JV investors and LOC borrowers (collectively referred to as "victims" when applicable) and at least $138 million in fraudulent proceeds generated from these victims. The investigation has shown that both schemes were premised on intentional material misrepresentations to client borrowers and investors by Alexander, Welsh, Fisher, and Conner. The subjects claimed their ability to finance the LOCs and pay the JV returns would be the result of their unique access to international trading desks through which they claimed they were able to buy and sell hundreds of millions of dollars in international bonds. As a result of their purported bond trades, the subjects alleged they were able to generate the millions of dollars that would be used to fund the LOC borrowers' needed financing and the promised JV returns; however, the investigation revealed that the only proceeds the subjects were actually able to generate were from the proceeds contributed by LOC borrowers and JV investors. The subjects then layered these proceeds through various bank accounts which they then used in Ponzi-type payments to victims. In addition to churning victim proceeds to pay other victims, the subjects also siphoned victim money from their (subjects') accounts to

acquire assets such as vehicles and homes and to accumulate in bank accounts for their personal access.

7. Essentially all victim proceeds generated by the subjects through this scheme were either directly deposited to or filtered through one of the Alexander-controlled bank accounts. Of the approximately $138 million of victim proceeds that made their way to Alexander-controlled accounts, it appears that less than $50,000, or about 0.04%, were from actual legal earnings during the period of the investigation. Regardless of which subject brought in borrowers or investors or what the subjects' roles were in the offerings, proceeds from victims were ultimately deposited to Alexander-established bank accounts.

8. Based upon a review of the bank accounts for each of the aforementioned entities, there is no apparent indication that Alexander, Welsh, Fisher, or Conner invested the funds as promised, but instead converted these proceeds to their own use and the use of others by commingling these funds with numerous other accounts to pay for personal items; to transfer to other individuals and businesses; to pay commissions; to make unrelated investments; and to pay previous borrowers and investors (i.e., Ponzi payments). The funds that Alexander used to purchase the Defendant Property at 3805 Bellaire in Fort Worth were directly traceable to victim funds.

9. The Defendant Property in Heath was purchased with fraud proceeds that originated from Conner's sale of 6731 Orchid Ln. in Dallas, Texas ("6731 Orchid") for approximately $4.6 million. About fifteen months prior, in February 2023, Conner acquired 6731 Orchid with funds directly traceable to victim proceeds. Conner made the

purchase of 6731 Orchid "in cash" without any liens, loans or mortgages. Of the $4.6 million he received from the sale, about $1,944,659 was transferred for the purchase of the Defendant Property located at 454 Keystone Bend in Heath, Texas.

**BASIS FOR FORFEITURE**

10. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it is property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting a specified unlawful activity (as defined in 18 U.S.C. § 1956(c)(7)), namely, violations of 18 U.S.C. §§ 1343 and 1349; and pursuant to 18 U.S.C. § 981(a)(1)(A) because it is property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957, or any property traceable to such property.

11. None of the defendant real property has been seized and the government does not request authority from the Court to seize the defendant real property at this time. Pursuant to 18 U.S.C. §§ 985(b)(l) and (c)(l), the government will instead do the following:

a. Post notice of this action and a copy of the Complaint on the property;

b. Serve notice of this action and a copy of this Complaint on the real property owner and any other person or entity who may claim an interest in the real property; and

c. File a *lis pendens* in county records of the real property's status as a defendant in this *in rem* action.

**POTENTIAL CLAIMANTS**

8. The known potential claimants to the Defendant Property are:

a. Kenneth Alexander
5821 Kilpatrick Avenue
Fort Worth, Texas 76107

b. Caedrynn Conner
454 Keystone Bend
Heath, Texas 75032

c. Capital Fund I, LLC ISAOA
14555 N. Scottsdale Road, Suite #200
Scottsdale, Arizona 85254

**CLAIM FOR RELIEF**

9. The United States respectfully requests that the Court forfeit the Defendant Property to the United States, award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

*/s/ Robert Austin Wells*
ROBERT AUSTIN WELLS
Assistant United States Attorney
Texas State Bar Number 24033327
110 North College, Suite 700
Tyler, Texas 75702
(903) 510-9350
robert.wells3@usdoj.gov

**VERIFICATION PURSUANT TO 28 U.S.C. § 1746**

I, Ronald Leazer, III, hereby state that:

1. I am a Special Agent with the Internal Revenue Service, Criminal Investigations.

2. I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this Complaint comes from the official files and records of the United States, statements from other law enforcement officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.

Ronald Leazer, III, Special Agent
Internal Revenue Service
Criminal Investigations

Dated: 08/27/24